# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                    )
                                      )
      Plaintiff,          )
                                      )
v.                                    )
                                      )
                                      )   Cr. ID. No. 1705013353
ROBERT C. LUKSHIDES,                  )
                                      )
      Defendant.          )


Submitted: August 15, 2019
Decided: September 17, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

This 17th day of September 2019, the Court has considered the

Commissioner's Report and Recommendation, Defendant's Motion for

Postconviction Relief, and the relevant proceedings below.

On February 14, 2019, Defendant Robert C. Lukshides filed this *pro se*

Motion for Postconviction Relief. Defendant's Counsel submitted an Affidavit in

response to Defendant's Motion on April 26, 2019. Defendant filed a response.

The motion was referred to a Superior Court Commissioner in accordance with 10

1

*Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on July 29, 2019. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

Defendant raises three claims in his motion: (1) evidence was suppressed that would have proven his innocence; (2) Defendant was coerced into entering a guilty plea; and (3) ineffective assistance of counsel. Defendant's allegations supporting these claims are as follows: (1) counsel failed to obtain police/witness videos, challenge the blood draw, correct the charge to a third offense, and argue that witnesses saw a female driving (not Defendant); (2) counsel told Defendant he would receive house arrest instead of incarceration; and (3) counsel was unprepared to defend despite the trial having been continued.

Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[1] If a procedural bar exists, then the claim is barred and the Court should not consider the merits of the postconviction claim.[2]

---

[1] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[2] *Id.*

2

This is Defendant's first Motion for Postconviction Relief, and it was timely filed.[3] Pursuant to Rule 61(i)(3), any ground for relief not previously raised is deemed waived, unless the moving party establishes a basis for an exception to the bar.[4] Defendant waived his claims challenging the evidence because he failed to present these issues during trial proceedings.

Defendant is also bound by his statements to the court during the plea colloquy and a valid guilty plea waives Defendant's right to challenge alleged errors, deficiencies, or defects occurring prior to the entry of the plea.[5] Defendant entered into four separate agreements acknowledging his plea and stated in open court that he was pleading guilty to the charge presented. Defendant waived the right to contest evidence against him and/or present evidence in his own defense. Defendant's claims for relief are deemed waived and he has not established an exception warranting relief.[6]

---

[3] Super. Ct. Crim. R. 61(i)(1).

[4] *See* Super. Ct. Crim. R. 61(i)(5) & (d)(2)(i), (ii).

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[6] Defendant does not argue that the court lacked jurisdiction, the existence of new evidence demonstrating that he is actually innocent of the facts giving rise to the conviction, nor does he argue that a new rule of constitutional law applies. Defendant has also not established cause for relief from any procedural default or prejudice from a violation of his rights. Super. Ct. Crim. R. 61(i)(3), (5) and (d)(2)(i)-(ii).

Defendant's ineffective assistance of counsel claims are properly presented by way of a motion for postconviction relief.[7] In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficiencies in counsel's representation caused the defendant actual prejudice.[8] When a defendant has pled guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.[9] Mere allegations of ineffectiveness will not suffice. A defendant must make and substantiate concrete allegations of actual prejudice.[10] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[11]

Defendant's claims that trial counsel was ineffective are without merit. At the time of his plea, Defendant stipulated to three prior offenses,[12] and that he had been driving under the influence.[13] Defendant's execution of the documents, as

---

[7] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[9] *State v. Hess*, 2014 WL 6677714, at *6 (Del. Super.).

[10] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[11] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[12] *See* Plea Agreement and Plea Trans. at p. 3.

[13] *Id.* at 7.

4

well as the colloquy with the Court, demonstrate that he was fully aware of the possible sentence.[14] According to trial counsel's Affidavit, the trial was continued due to Defendant's medical issues. Trial counsel also reviewed all the discovery with Defendant and he could not identify a legal basis for a motion to suppress. Trial counsel will not be faulted for neglecting to file meritless motions.

Defendant also failed to identify how counsel's allegedly deficient conduct resulted in actual prejudice.[15] Defendant negotiated a resolution and received the benefits of that agreement. In light of the above, Defendant has failed to overcome the presumption that trial counsel's conduct was reasonable and appropriate under the circumstances.

Defendant's claims for relief based on evidence are deemed waived for failure to raise them at an earlier stage of proceedings. By entering a guilty plea, Defendant waived his right to challenge alleged errors, deficiencies, or defects occurring prior to the entry of the plea. Defendant's claims of ineffective assistance of counsel are without merit.

---

[14] *See Id.* at 6:

> The Court: Do you understand that I could sentence you to up to five years in prison and that the first six months are mandatory?
> The Defendant: Yes.

[15] *See Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) ("This Court has held that, for a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegation of actual prejudice and substantiate them or risk summary dismissal.") (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).

The Court holds that the Commissioner's Report and Recommendation dated July 29, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[16]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[16] Super. Ct. Crim. R. 62(a)(4)(iv).